Your Honor, the second case of the morning called 211-1103, Peoples State of Illinois v. Michael Albers On behalf of the FLRA, Mr. Bruce Kirkham, on behalf of Peoples State of Illinois, Ms. Diane Campbell All right, Mr. Kirkham May it please the court and the council, good morning, your honors, my name is Bruce Kirkham and I represent the defendant, Mr. Michael Albers Mr. Albers appeals to this court on a judgment denying his motion to reconsider a sentence following a guilty plea in the Lake County Circuit Court Ms. Albers now asks this court to vacate that judgment and remand this cause for new post plea proceedings consistent with Supreme Court Rule 604-D And what was wrong with the certificate in your mind? Recent case law from this court and other districts have found that an attorney is required to consult with the defendant regarding his contentions of error in both the sentence and the plea of guilty The certificate in this case... What case says that? Dryden-Herrera Dryden, there was a pro se motion for both, motion withdraw and motion reduce, so there was only one motion There's only one motion in this case which was the motion to reduce sentence That's correct, that's correct Motion to reconsider sentence, certificate stated counsel consulted with the defendant to ascertain the defendant's contentions of error and sentence The court there said from the certificate we can't tell whether counsel consulted regarding potential errors or contentions of error in the entry of the guilty plea And therefore it was remanded That's very similar to the case that we have before us Again, Prager, the language was not 604-D language And it also didn't include, I believe, that counsel had examined the transcript of the plea So just focus in, where's the defect in this case? The defect in this case is the defendant entered a guilty plea while proceeding pro se He filed a pro se motion to reconsider sentence And if you look at the contents of his motion that he captioned, motion to reconsider sentence or reduce sentence, whichever it was Those allegations are more in line with challenges to his criminal liability He complains that the victim, the driver of the other automobile was intoxicated at the time of the accident That investigators didn't review the black box in the car of the other motorist You know, those go to, that should raise a red flag to counsel who's appointed to represent him and is required to consult with him regarding his contentions of error So maybe he's got problems with his guilty plea If he was pro se, who bears the responsibility for somebody who's proceeding pro se and makes decisions regarding the evidence and the decision to plead guilty? Who bears the responsibility? That would be on the defendant, he's proceeding pro se, he's the only person who, and that's a personal right to a defendant also What happened in this case, though, is that at the guilty plea hearing, I believe it was at the guilty plea hearing Counsel, excuse me, counsel was reappointed, the judge said, do you want an attorney to represent you in sentencing? The public defender's office, Ms. Hart was reappointed representative at the sentencing hearing Defendant then filed his pro se motion, but Ms. Hart stayed on the case So he was only pro se for the plea, he was not pro se for the sentencing or the post sentencing proceedings, including the motion here You say that, and I have read the admonishments, there was no problem with any of the admonishments by the court, correct? I have no complaint about the 605 admonitions And the defendant was clearly admonished that if he, in order to perfect an appeal or to ask for a reduction in the sentence, that he had to file a motion to withdraw the plea, yet he only filed a motion to reduce the sentence Which, that is correct And he got a hearing on a motion to reduce the sentence, that he was actually not entitled to Does the record reflect the state objecting to the defendant having a hearing on a motion to reduce the sentence? I don't believe it does, I know that the state filed a motion objecting, but I think there was a question of the timeliness And the mailbox rule, he filed a notarized proof of service indicating it was timely filed, and there was no further pursuit But when he's represented by counsel and he files a pro se motion, that would make it all the more incumbent on appointed counsel to consult with the defendant If he filed a motion to reconsider a sentence from a partially negotiated plea There's a duty on counsel to say, to consult with them and say, is this the motion that you want to file? You filed a motion which attacks notions of your criminal liability here, are you saying that you've had a defensive trial? Should this be a motion to withdraw your guilty plea? Is that really where you want to go here? And without a properly filed or compliant certificate of compliance, excuse me, with 604D, we have no indication or no guarantee that that conversation took place, that that consultation took place Why should that, that really your basic argument is ineffective assistance, that it would be hypothetically ineffective assistance by not filing a motion to withdraw the plea, correct? Linder says that relief is in post-conviction, not in direct review if you haven't filed a motion to withdraw the plea Linder also, I mean the whole line of cases, Jeans and so forth say that that's why we have 604D certificate Those are cases that involve either no certificate or defective certificates, correct? I don't recall that particular point, but I mean the jurisprudence of the state has been that counsel has to consult with the defendant regarding his allegations and contentions of error The plea or the sentence, and the defendant's contentions of error were with regard to the sentence But we don't know that, if you look at the actual allegations as I've pointed out, reasonable counsel should have been put on some kind of notice that maybe there's something more going on here Isn't there a presumption that the lawyer performed his duties that he's, a presumption of effectiveness? On 604D certificates, I don't think there is Let me read this language from Strickland, with regard to actions of counsel, both regarding trial decisions, examination of the evidence The United States Supreme Court said, in short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigative decisions Just as it may be critical to a proper assessment of counsel's other litigation decisions So there was a decision that was made, the defendant, when he was representing himself, did not want to withdraw his plea Which makes common sense because it's going to increase his exposure to 14 years as opposed to 10, which he felt was unfair So it's clear from the record, the defendant did not want to be placed back in a position of facing 14 years as opposed to 10 Why shouldn't this appeal be dismissed and let him file this on post-conviction? Let him make a claim of ineffective assistance on post-conviction I mean, I'm kind of uncomfortable where, if we That's what Linder says But Wilk also says that the time to do this is, while witnesses are fresh and available And to bring contentions of error to the trial court that interviewed the judgment And to do it in post-plea proceedings that are guaranteed to be complete through compliance of counsel with the Supreme Court Rule 604B's And ultimately what happened in Wilk? I don't recall In Wilk, the Supreme Court said, post-conviction Right, they said that that's the last resort But if we've got a system where we want these questions litigated before the trial judge to enter these While it's fresh in everybody's mind, the trial judge, the counsel representing the defendant, the prosecutor We've got a mechanism whereby we require counsel to discuss all the possible issues with the defendant How is us remanding the case going to save time when the defendant can file a post-conviction petition at any time making these claims of error? He may He could have that pending right now for all we know He could Wilk just indicates that it's preferable to do it in the trial court And give the trial court an opportunity to review allegations of error, make rulings on those allegations And then appeal those findings to this court as part of the direct appeal process Rather than force a defendant to engage in a collateral attack in which he is limited to constitutional errors He's represented by counsel who can, one of the obligations of 604B is to certify that post-plea motions have been amended to include all those allegations of error You know, a post-conviction petition is a pro se pleading that's susceptible to being dismissed It's just much more efficient I understand your argument What in the plea proceedings do you see as potentially erroneous that would lead to a right to withdraw the plea? Well that would be, it doesn't have to be strictly on the record All I have is the record And that's something that appointed counsel should have said You know, I wasn't there, I read the transcript of the guilty plea, what are your intentions of error? Do you have issues with your plea that lead you to really want to move to withdraw your guilty plea As opposed to raising allegations of addressing your criminal liability in a motion to reduce sentence? And if that conversation takes place, and let's just say it did take place for purposes of my question He says, no, I just want them to reconsider my sentence And if she has reviewed the reported proceedings of the guilty plea as the certificate indicates She's got to know it's a negotiated plea So why does she do something that is, I don't want to say unprofessional But that doesn't make any sense when you know, or she must know, the only way to get around this issue is to move to withdraw the plea So if he only wants to consider his sentence, why doesn't she ask the judge to withdraw? Because she can't do professionally what he wants her to do Let me see how to frame this You know, it's not a hard and absolute rule that it has to be only a motion to withdraw the guilty plea from a partially negotiated plea You know, the filing of the pleading requirement is not jurisdictional This court has jurisdiction to consider the appeal from what may be characterized as an improper motion But this court can review 605 admonitions to see if the defendant was properly admonished But we're pretty sure that that's not an issue in this case Okay, but you can consider legal errors in the entry of the sentence Such as confusion or disputes over consecutive versus concurrent The fitness of the defendant Why not look at the 604D certificate also and determine whether the strict compliance rule of chains is fulfilled in these cases So that we know that the defendant was given the opportunity to file the right motion through counsel Well, in fact, in Herrera, that's what the final conclusion was That the certificate is what we look at unless there's something not proper Or something we don't look back at the record necessarily So what should be on this certificate other than what's here? That you consulted with him to ascertain his contentions of error in the entry of the guilty plea In addition to the sentence Even though he's not requesting that? He's not requesting that You know, the cases talk about how there's so many of these 604D cases out there How this court has to wade through a stack of them  The defendant filed a pro se motion Maybe he didn't understand Maybe he was confused How about this? Yeah, but he's properly admonished, right? And if he elects to represent himself and to waive his right to an attorney Then we're supposed to presume or speculate that he didn't understand? What is that? Counsel was standing with him when he received his 605 admonitions Counsel represented him at the sentencing hearing Was present at the sentencing hearing Heard the sentence be delivered Heard the judge give the 605s The same attorney consulted with the defendant when he was remanded from the Department of Corrections In fact, they continued this case for a week So she said she needed to consult with him There's nothing specific about what she consulted with him about But that's the whole point of Rule 604D's certification requirement To make sure that counsel fulfilled the underlying purpose of 604D Which is to get the right motion Get all the claims of error in there Claims not raised are forfeited You know, it's supposed to be a simple and straightforward way For counsel to ensure that the defendant's due process rights are given full effect And we don't have that Without a proper 604D certificate We don't know that the defendant did not want to attempt to withdraw his guilty plea This appears to be a form 604D certificate That probably has been generated from litigation that's gone on and on and on And, I mean, it says what most of the cases say But it creates two boxes And if what you're saying is that when counsel walks in on a defendant Whether they know the person or not Whether the attorney has personal knowledge of the proceedings or not There should always be a conversation about, okay, what happened at the guilty plea Or does that conversation only come up based upon the allegations in the pro se pleading I'm a little confused as to that Because you're saying if you look at the allegations Clearly it talks about the other driver, the black box, things of that nature Which might impact, could he have been proven guilty beyond a reasonable doubt Right So do we look at that or do we just always tell the attorneys When you walk into one of these situations, you ask both questions I think the latter You know, there may be contentions of error that aren't in the motion I only point out those examples to say it was especially incumbent There was indications to trial counsel that she should have held those discussions But that should happen in every case Well, you know what, counsel, again, there's a presumption that the attorney is performing his job effectively Counsel knew that the defendant pled guilty to a cap And if he withdrew the plea, if he was successful in filing the motion to withdraw the plea And withdrawing the plea, he's facing 14 years plus convictions on the other unrelated counts which were dismissed So, again, I know there's hypotheticals and there's hypotheticals But is there anything in the record that would indicate that the defendant didn't have a viable defense Whether the defendant was intoxicated, somebody died, he was the driver Those are the facts, correct? Correct You know, we're bound by the record here All we know is what happened on the record And, you know, the defendant may have additional points of contention of error in the entry of his guilty plea But what if he doesn't want to exercise them? So what does the attorney do? And ultimately, if he says, all I want to do is get a lesser sentence and I'm using these in mitigation Then most defendants aren't going to be able to verbalize it that way What does she do? Well, she needs to certify that she consulted with him regarding his allegations of error in the guilty plea But then she has to acknowledge that he's not entitled to a hearing Instead of doing what she did here, which was very clever And getting a hearing that, under the law, the defendant was not entitled to Isn't that the counter argument? You know, do we want to go down this road? Do we want to say, well, you know, it was a pretty good deal for the defendant And therefore we're going to find the 604D certificate to be adequate Or we're going to make a presumption that the defendant doesn't want to withdraw his plea because he got a pretty good deal? What about the notion of enforcing plea agreements? We can do that through compliance with 604D The whole point of 604D is to make sure that the plea and sentence are properly rendered The judgment is solid And that any contentions of error in that final judgment are addressed in a timely fashion in the trial court You know, there's lots of language out there about forfeiture of claims not raised These consultation requirements have real effects and real meaning And we put ourselves in a position where we're, you know, presuming effectiveness at counsel Presuming that the defendant doesn't really want to withdraw his guilty plea There's a way to make sure of that, and that's through proper compliance with rule 604D If we're sure that counsel went through all of this with the defendant And he indeed doesn't want to move to withdraw his plea Then, you know, the counsel will have to make determinations of how to proceed at that point Or, as Justice Burkett said, cleverly get him a hearing on this issue Which apparently didn't help him a great deal No, his motion was denied Okay, well, your time is up If you have a summary, otherwise you can save it for rebuttal, please Thank you Ms. Campbell Good morning, Your Honors I think you've hit most of the main points I think in this case defense The sequence is correct The only time the defendant was truly pro se was at the guilty plea He then had counsel appointed for the sentencing Although he filed his own pro se motion to reduce sentence He then had counsel who did the 604D certificate and was with him at the hearing He negotiated the disposition with the state Yes, exactly Those conversations took place off the court My exact recollection of the record is not that good But he did negotiate the exact terms of the 10-year cap It's clear from the factual statement that there were two passengers in the defendant's vehicle And they were both willing to testify that he had been driving and he had been drinking There were the breathalyzer tests So his actual likelihood of being successful at any trial would be very, very small, I believe So I think that in fact And in fact the trial judge indicates at the hearing that the defendant I think he said he got a deal with the 10-year cap And that had that not been in place, he would have given a much more severe sentence So I think Justice Burkett is entirely correct in saying that In all probability the defendant did not want to withdraw his guilty plea And I think that's Why should that be our concern? Because our concern should be the law I don't particularly think what the defendant wanted or didn't want The law is that in order to get his contentions considered both at the trial court and on appeal He has to file a motion to withdraw his plea Exactly And assuming that, you know, well, he has to do that So when counsel walks in the door, again And looks at these pro se pleadings and goes We've got a problem here, you know, Mr. Albers You have to do this Why does she not make any amendments to his petition? And why does she say I have whatever the form says? It could say I have not made any amendments to these motions necessary For adequate representation of any defects in these proceedings Because my client didn't want me to Why didn't she say that? I think she is caught in somewhat of a tricky bind She wants to do what her client wishes And that's clear that what he wants is a motion to reconsider sentence As we noted, and it says in the record At page 219 he received proper admonishments That his avenue of procedure is to file a motion to withdraw the plea But I believe it's easily inferred from the record That he didn't want to follow that So now we have a defense counsel who has a client Who has filed this pro se motion She is trying to comply with the wishes of her client I would not say she is ineffective Because she gets him an undeserved hearing on that motion to reconsider It's not successful, but that is what he wanted If you look at her conversation Well, but now he wants an appeal And maybe he's not entitled to an appeal now I would agree with that Well, I said maybe he's not entitled to an appeal So she didn't get him everything he wanted He wants a new sentence And he wants the wise judges of this court to make that determination Well, if he didn't file a motion to withdraw his plea How can we do that? I don't... Unless you find that the certificate was appropriate And affirmed the trial judge's decision Then I don't think you can I think, and the defendant points this out in his brief This court should then dismiss the appeal He has not followed rule... I'm sorry He has not followed rule 604D Which says that his avenue of seeking review of that Is to file a motion to withdraw his guilty plea And that's part of the reason why I cited the Richard case in my brief That's factually different than this case Because in Richard, the defendant actually did file the motion to withdraw his guilty plea But the interesting part is the appellate court's emphasis That the way you get there Is that he has in fact filed that motion to withdraw his guilty plea We don't have this in this case So, in fact, as the defendant notes on page 10 in his brief The avenue then for this court would be to dismiss the appeal And leave him to the post-conviction remedy And at that point, if he does in fact want to withdraw his guilty plea He can attempt to do that by pointing out ineffective assistance Well, he was ineffective, he represented himself But whatever basis he wants to present But in fact, this defendant has received due process He got the exact benefit of his bargain He now wants more than the benefit of his bargain To follow up on what Justice Hutchinson said It's not just the filing of the motion to withdraw He has to succeed on the motion to withdraw Yeah, and that is what the Richard case says Do your honors have any other questions? I'll just briefly let me touch on the certificates Why isn't counsel's point well taken That Supreme Court 604D, although the conjunction or is used as opposed to and The cases as they have been evolving suggest That both inquiries that should be made clear on the record That both inquiries were made of the defendant during the consultation I think in this case it was because the defendant filed specifically the motion to reconsider sentence And in this case, I think it's the first point right under that box Is that the counsel reviewed the guilty plea And then she has said she's not making any amendments to the defendant's motion To present his claims So she has carefully danced her way around the fact that She's giving her client an undeserved hearing on his motion to reconsider sentence So I think that she has been, for him, a very effective advocate She's just been unsuccessful Thank you, Your Honor Mr. Kirkham I just want to close by saying there's lots of speculation Lots of consideration of does the defendant really want to do this? What was trial counsel thinking? Let's speculate and look at the particular facts of this and make inferences from those facts We're not supposed to do that We're supposed to look at the rule 604D certificate Unless the record undermines it And the record here was he pled guilty And in order to go forward, he should be filing a motion to withdraw his plea And that is not reflected in that certificate He filed a pro se motion while appointed by counsel Or while represented by counsel Who then was supposed to meet with him A meeting occurred to determine his allegations of error in the sentence And under evolving case law, his contentions of error in the guilty plea We don't know The danger here is that we don't know that that discussion took place That counsel spoke with him and said, do you want to withdraw your guilty plea? We don't know that that took place because counsel didn't certify that it did And without that certification, we don't know That all of the defendant's allegations of error of what happened to him Leading up to the final judgment in this case were proper But the only case that really talks about both would be, is it Dryden? We've also had a night, and so I think it's Dryden Where in fact both of them were alleged There's a motion to withdraw and a motion to reconsider sentence So we know that those are the issues that are being raised in the pro se motion Here, he just makes a motion to reconsider his sentence And counsel should have certified that she spoke with him And ensured that that's what he really wanted to do When he files the wrong motion, it would certainly seem that counsel should say You know that this isn't the right motion You need to move to withdraw your guilty plea And we only know that if counsel certifies to that And says that I did All right, so if they're going to use this form that we've talked about And it's, I don't know if you have it available It's in your appendix of your brief It's a motion to withdraw the plea of guilty and a motion to reconsider sentence And it's a form, a form consistent with what the law has said Throughout some of the cases that have been heard What should it say? Should we check another box? He makes no contentions of error about his guilty plea So she can't check that one Well, the fact that they've got a defective form shouldn't save them Well, but then what's she supposed to do? What's it supposed to say? You know, I think she should either get a new form Or draft a case-specific 604D certificate That I have, that I have consulted with him Based upon my review of the record And, where does it go? And that's retained as contentions of error In the entry of the guilty plea and the sentence But he didn't have any That's the problem And so is she going to mix them up? Well, I mean We don't know that without her certifying Do we know that from the fact that he didn't raise it though in his motion? Do we lock defendants into their pro se motions And don't allow counsel to amend them? No, and she didn't do that See, that's where I'm going She knows, and she didn't do that She could have cured this possibly by saying I consulted with him on the allegations of error in his motion And advised him of what he was You know, the 605 admonitions he was given And he chose not to do that That would have removed the question Without that, we don't know You know, we're speculating We're speculating that she spoke with him Do you want to withdraw your guilty plea? And that's the whole purpose of the 604D certification requirements So that we know You know, there's language in the case's dismute That says we don't go scouring through the record To look for compliance We look through the certificate And without a proper certificate, we just don't know And we need to remand this case So that counsel can speak with the defendant And properly certify If indeed he doesn't want to withdraw his plea Certify to that Or to give him the opportunity to file a motion to withdraw his guilty plea If she didn't consult with him on that Thank you Thank you counsel for your arguments this morning They were interesting and helpful We will take the matter under advisement A decision made in due course And we now stand in adjournment